### Main v. Creech, et al.

(Decided May 23, 1922.)

## Appeal from Knox Circuit Court.

1. Contracts—Construction.—A contract providing, "I hereby agree to pay one thousand dollars ($1,000.00) as commission in event your agent, or whoever you designate, closes a proposition of sale, contract or option, upon the properties of the Rose Hill Brick Co., consisting of one brick plant, kilns, houses, machinery, 10 or more acres of land, and etc.; said above amount shall be due at the instant the above proposition of sale is closed, and payable without waiver," construed in the light of other provisions of the contract and held not to authorize a recovery of the commission of one thousand dollars unless the agent actually sold the property.

2. Appeal and Error—Prejudicial Error.—Where the trial court should have held as a matter of law that plaintiff was not entitled to recover, he was not prejudiced by the submission of the question to the jury.

BLACK & OWENS for appellant.

DISHMAN & TINSLEY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

W. H. Main brought suit against John A. Creech to recover a commission of $1,000.00 and expenses of $143.20 claimed to be due under the contract hereinafter set out. The jury awarded plaintiff expenses in the sum of $130.90, but found for defendant as to the $1,000.00 commission. Plaintiff appeals.

The facts are these: The Rose Hill Brick Company owned a brick plant consisting of kilns, houses, machinery and about ten acres of land, and B. F. Kincaid was the principal owner of the company. On April 21, 1917, the Rose Hill Brick Company leased the property to John A. Creech and B. G. Shimmel, who operated the plant in the name of the Rose Hill Brick & Tile Company. The lease provided for a quarterly rental of $1,400.00, and was to continue for two years, with the privilege of five more if the lessees so desired. The lease also gave the lessees the privilege of buying the property at any time within two years at the price of $50,000.00.

On September 11, 1918, John A. Creech and W. H. Main entered into the following contract:

"Harlan, Ky., Sept. 11, 1918.

"Mr. R. N. Cornett,
     Barboursville, Ky.

"Dear Sir:

"I hereby agree to pay one thousand dollars ($1,-000.00) as commission in event your agent, or whoever you designate, closes a proposition of sale, contract or option upon the properties of the Rose Hill Brick Co., consisting of one brick plant, kilns, houses, machinery, 10 or more acres of land, and etc.; said above amount shall be due at the instant the above proposition of sale is closed, and payable without waiver.

"Second: I also agree to pay the sum of two hundred and fifty dollars ($250.00) in promoting the proposition, contract or option, of said proposition of sale, if it shall be necessary to spend that amount in getting said proposition, contract or option upon the properties of the Rose Hill Brick Co., and I agree to settle expenses paid out by whoever you designate in making efforts in getting said contract of sale, as frequently as may be necessary, or when requested to do so.

"Third: I further agree if upon the whole, the agent or whomever you shall designate, shall spend diligent efforts in acquiring a proposition, contract or option upon the property of the Rose Hill Brick Co., or the interest of Frank Kincaid, and thereby bring about the sale of the leasehold of the Rose Hill Brick & Tile Co., then in that event, the said agent or whoever you have designated shall be due and payable the foregoing expenses and commission without waiver.

"JOHN A. CREECH.

Witt:
"R. N. Cornett."

On September 14, 1918, Main acquired in the name of Ion Carroll an option on the plant of the Rose Hill Brick Company, giving Carroll the right to purchase the plant at any time within fifteen days for the sum of $52,000.00. Carroll then assigned the option to Main. Main presented the option to Creech and demanded his commission and expenses.

Appellant insists that he was entitled to recover under paragraph one of the contract, and that the court erred

in not so instructing the jury. By that paragraph Creech agreed to pay a commission of $1,000.00 "in event your agent, or whoever you designate, closes a proposition of sale, contract or option upon the properties of the Rose Hill Brick Co. . . . said above amount shall be due at the instant the above proposition of sale is closed, and payable without waiver." By the second paragraph Creech agreed to pay the sum of $250.00 "in promoting the proposition, contract or option, of said proposition of sale, if it shall be necessary to spend that amount in getting said proposition, contract or option upon the properties of the Rose Hill Brick Co.," and he further agreed "to settle expenses paid out by whoever you designate in making efforts in getting said contract of sale." By the third paragraph he agreed that if "the agent, or whomever you shall designate, shall spend diligent efforts in acquiring a proposition, contract or option upon the property of the Rose Hill Brick Company, or the interest of Frank Kincaid, and thereby bring about the sale of the leasehold of the Rose Hill Brick & Tile Co., then in that event the said agent, or whoever you have designated, shall be due and payable the foregoing expenses and commission without waiver." It will thus be seen that the agent was entitled to a commission under paragraph one, if he "closed" the proposition of sale. By paragraph two, he was entitled to his expenses for "getting" the proposition, contract or option. By the third paragraph he was entitled to his expenses and commission of $1,000.00 for his diligent efforts in "acquiring" the proposition, contract or option upon the property of the Rose Hill Brick Company, or the interest of Frank Kincaid, and thereby bringing about the sale of the leasehold of the Rose Hill Brick & Tile Company. In other words, we have three propositions, one for closing the contract of sale, one for getting the contract and the other for acquiring the contract and thereby bringing about the sale of the leasehold of the Rose Hill Brick & Tile Company. Ordinarily the word "close" does not mean the same thing as the word, "get," or the word "acquire," and this difference is strongly emphasized by the different provisions of the contract. Thus, having provided in paragraph 3 that the agent should receive a commission for acquiring the contract or option if the sale of the leasehold of the Rose Hill Brick & Tile Company was thereby brought about, it is clear that the parties did not intend that if the agent

merely "acquired" a proposition of sale, contract or option, he should be entitled to a commission under paragraph 1. On the contrary, it was necessary for him to go further and actually sell the property of the Rose Hill Brick Company. Not having done this, he was not entitled to the commission.

As the trial court should have held as a matter of law that plaintiff was not entitled to the commission, he was not prejudiced by the submission of the question to the jury.

Judgment affirmed.